UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Brian Butler,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>Nicholas Deml,<br><br>　　　　Respondent. | Civil Action No. 2:25-cv-465 |

# **ORDER**

On May 1, 2025, Brian Butler filed a petition pursuant to 28 U.S.C. § 2254. (Doc. 1.) On May 5, 2025, the Court ordered Respondent to file an answer and show cause why the writ should not be issued, setting a deadline to file the response within thirty days. (Doc. 2.) Respondent subsequently filed four stipulated Motions for Extensions of Time to respond to the Petition and assemble records from the relevant state court proceedings. (Docs. 4, 6, 8, 10.) The Court granted each of these extension requests. (Docs. 5, 7, 9, 11.) On October 15, 2025, Respondent filed a brief Response attaching over 450 pages of exhibits. (Doc. 12.) The Response largely recounts the procedural history of the state court proceedings, with general citations to filed briefs, court decisions, and hearing transcripts. (*Id.* at 1–2.) Respondent's legal argument consists of the following:

> In response to the instant petition, Respondent states that substantially the same constitutional issues were presented by petitioner on direct appeal from Petitioner's conviction and sentencing, and in Petitioner's post-conviction relief proceedings. These issues have been decided adversely to Petitioner. Petitioner's constitutional rights were in no manner violated. All the proceedings against Petitioner were and have been proper and Petitioner is presently lawfully confined pursuant to a valid judgment and order rendered by a court of competent jurisdiction.

(*Id.* at 3.)

Rule 5 of the Rules Governing Section 2254 Cases specifies the requirements for the filing of an answer to a § 2254 Petition. First, "[t]he answer must address the allegations in the petition." Rule 5(b). As the commentary to Rule 5 clarifies, this requirement ensures that the answer not simply "certify[] the true cause of detention," but that it be responsive to the claims asserted in the petition. Rule 5 advisory committee's note to 1976 adoption. The answer must also "state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Rule 5(b); *see also Granberry v. Greer*, 481 U.S. 129, 134 (1987) ("When the state answers a habeas corpus petition, it has a duty to advise the District Court whether the prisoner has, in fact, exhausted all state remedies."). In addition to indicating what transcripts are available, "[t]he respondent must attach to the answer *parts* of the transcript that the respondent considers relevant." Rule 5(c) (emphasis added). Further, the respondent must file with the answer a copy of: "(1) any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgement or order in a post-conviction proceeding; (2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and (3) the opinions and dispositive orders of the appellate court relating to the conviction or sentence." Rule 5(d)(1)–(3).

The Court ORDERS Respondent to amend and supplement its answer on or before November 15, 2025 to:

1. Address Petitioner's claims of unreasonable application of law regarding (1) the sufficiency of a factual basis at a change of plea hearing; (2) the use of unreliable evidence at sentencing; and (3) ineffective assistance of counsel;

2. Include a statement identifying whether any claim raised in the Petition is "barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Rule 5(b);

3. Include specific citations to the record evidence Respondent relies on to support its request that the Petition be denied;

4. Provide the Court with copies of the following:

    a. Petitioner's Complaint for Post-Conviction Relief filed in the Vermont Superior Court.

    b. The Vermont Supreme Court's final order regarding Petitioner's appeal from the Vermont Superior Court's decision in Case No. 331-4-16 Wrcr.

    c. The Vermont Supreme Court's final order regarding Petitioner's appeal from the Vermont Superior Court's decision in Case No. 36-1-20 Wrcv.

Dated at Burlington, in the District of Vermont, this 30th day of October 2025.

>                         /s/ Kevin J. Doyle
>                         United States Magistrate Judge